**STATE of Oklahoma, Petitioner,**

**v.**

**The Honorable Alma WILSON, District Judge, 21st Judicial District, Cleveland County, Respondent.**

**No. 54635.**

Supreme Court of Oklahoma.

March 18, 1980.

AFFIRMED.

8. *Kirkland v. General Motors,* supra, n. 1; *Bentley v. Hardin,* 577 P.2d 471 (Okl.1978).

Whether a full transcript, record or other indicia (28 U.S.C. § 2254) of the hearing held by the District Court of Cleveland County in the instant case pursuant to the valid order of the United States Court for the Western District of Oklahoma, is necessary, is a federal question which we are willing to leave for determination by the United States Courts.

JURISDICTION ASSUMED: WRIT DENIED.

All the Justices concur.

Jan Eric Cartwright, Atty. Gen. of Okl., C. Elaine Alexander, Asst. Atty. Gen., Oklahoma City, for petitioner.

Kay E. Huff, Dist. Atty., Ross N. Lillard III, Asst. Dist. Atty., Norman, for respondent.

DOOLIN, Justice:

This Court has no authority to order payment for a transcript or record sought by an indigent party seeking relief by federal habeas corpus. The indigent seeks no state remedy, but federal relief from an enhanced or increased sentence by virtue of an unconstitutional state statute, 10 O.S. Supp.1969 § 1101, declared so in *Bromley v. Crisp*, 561 F.2d 313 (10th Cir. 1977) cert. den. 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 499 (1978) and *Edwards v. State*, 591 P.2d 313 (Okl. 1979).[1]

1. A similar resolution may be found in *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Mr. Justice Rehnquist therein held because review by certiorari in the United States Supreme Court is conferred by federal statutes, the state is not required to provide counsel to an indigent petitioning to that Court, even though it initiated the prosecution leading to the sought after review.

